1

2

3

4          IN THE UNITED STATES DISTRICT COURT

5       FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7   UNITED STATES OF AMERICA,              Case No.  09-cr-00783-MMC-1

              Plaintiff,                   Case No.  01-cr-00251-MMC-1

8

9          v.                             **ORDER GRANTING GOVERNMENT'S**
                                          **MOTIONS TO STAY PETITIONS;**
10  STEVEN ADAMS,                         **SETTING BRIEFING SCHEDULE**

              Defendant.

11

12

13          Before the Court are two motions, filed July 1, 2016, by the government, in,

14  respectively, Criminal Case No. 09-783 and Criminal Case No. 01-251, both titled "Motion

15  to Stay Petition Under 28 U.S.C. § 2255" and identical in content.  Defendant Steven

16  Adams has filed opposition, to which the government has replied.  Having read and

17  considered the papers filed in support of and in opposition to the motions, the Court rules

18  as follows.

19          By indictment filed July 30, 2009, defendant was charged in Case No. 09-783 with

20  three counts of felony bank robbery and one count of felony attempted bank robbery.  He

21  pleaded guilty to all four charges, and the Court thereafter imposed a prison term of 151

22  months.  In his § 2255 motion, defendant asserts that his applicable sentencing range

23  under the United States Sentencing Guidelines ("U.S.S.G.") was 151 to 188 months, and

24  that he was found to be a "career offender," due to the fact that defendant's instant

25  offense of bank robbery was a "crime of violence" that he committed when he was at

26  least eighteen years of age and after he previously had been convicted of second degree

27  robbery and bank robbery.  See U.S.S.G. § 4B1.1(a) (providing defendant is "a career

28  offender" if "defendant was at least eighteen years old at the time defendant committed

United States District Court
Northern District of California

1   the instant offense," that the instant offense is "a crime of violence," and "the defendant

2   has at least two prior felony convictions of . . . a crime of violence").

3          In Case No. 01-251, based on the same conduct, the Court imposed a 24-month

4   prison term for defendant's violation of his supervised release, said term to be served

5   consecutively to the above-referenced 151-month term.  In his § 2255 motion, defendant

6   asserts that the applicable sentencing range under the U.S.S.G. was 33 to 41 months,

7   and that his violation was classified as "Grade A" pursuant to a finding that the offense for

8   which he was sentenced in Case No. 09-783 was a felony "crime of violence."  See

9   U.S.S.G. § 7B1.1(a)(1) (providing for "three grades of . . . supervised release violations";

10  further providing violation is "Grade A" if underlying "conduct constitut[es] . . . a federal,

11  state, or local offense punishable by a term of imprisonment exceeding one year that . . .

12  is a crime of violence").

13         On May 20, 2016, defendant filed the above-referenced two motions for relief

14  under § 2255, in which he argues he was denied due process at sentencing and should

15  be resentenced.  Specifically, defendant challenges as unconstitutional the "residual

16  clause" (see Def.'s Mot. at 6:2-3) set forth below in italics, found in the following guideline

17  defining the term "crime of violence":

18          The term "crime of violence" means any offense under federal or state law,
19          punishable by imprisonment for a term exceeding one year, that –

20          (1) has as an element the use, attempted use, or threated use of physical force
            against the person of another, or
21

22          (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or
            *otherwise involves conduct that presents a serious potential risk of physical injury*
23          *to another.*

24  See U.S.S.G. § 4B1.2(a) (emphasis added).  The term "crime of violence," in turn, is, as

25  noted above, found in both the guideline defining "career offender" and the guideline

26  classifying supervised release violations.  See U.S.S.G. § 4B1.1(a); § 7B1.1(a)(1).

27         Defendant contends both sentences were "imposed under the residual clause"

28

(see Def.'s Mot. at 17:14), and that said clause is unconstitutional given the Supreme Court's reasoning in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Supreme Court found unconstitutional the "residual clause" contained in a section of the Armed Career Criminal Act defining the term "violent felony." See 18 U.S.C. § 924(e)(2)(B).  Additionally, defendant, again citing Johnson, argues that, although robbery is listed as an example of a "crime of violence" in the commentary to U.S.S.G. § 4B1.2(a), the commentary cannot expand the scope of the guideline term.

In its motions to stay, the government points out that the very issues presented by defendant's § 2255 motion are presently pending before the United States Supreme Court.  Specifically, on June 27, 2016, the Supreme Court granted a petition for a writ of certiorari in Beckles v. United States, which petition presents the following three issues: (1) "[w]hether Johnson applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2)"; (2) "[w]hether Johnson's constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review"; and (3) "[w]hether mere possession of a sawed-off shotgun, an offense listed as a 'crime of violence' only in the commentary to U.S.S.G. § 4B1.2, remains a 'crime of violence' after Johnson."  See Beckles v. United States, 2016 WL 1029080 (June 27, 2016).

The Ninth Circuit has held that "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest outcome for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."  See Levya v. Certified Grocers of California, Ltd., 593 F.2d 857, 863 (9th Cir. 1979).  Here, resolution of Beckles will do more than "bear upon the case"; indeed, the outcome would appear determinative of defendant's § 2255 motion, barring any argument the

3

government might make in response thereto independent of the residual clause.

The Ninth Circuit nonetheless has cautioned that a stay should not be granted "unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." See id. at 864. The Ninth Circuit has held, for example, that a stay should not be granted if the delay will be "indefinite" or "potentially lengthy." See Yong v. INS, 208 F.3d 1116, 1120 (9th Cir. 2000) (reversing order staying proceedings on petition for writ of habeas corpus, where period of stay was "potentially for years"). Here, however, the anticipated length of the stay is neither indefinite nor potentially lengthy, as the Supreme Court has scheduled the Beckles case for argument in its October 2016 term, which begins in less than three months.[1] Indeed, as the government points out, the Ninth Circuit itself has recently stayed two cases pending before it, each of which presents the issue of whether the holding in Johnson applies to defendants seeking collateral review based on a theory that the residual clause in U.S.S.G. § 4B1.2 is unconstitutional. See Gardner v. United States, Case No. 15-72559, slip op. at 1 (9th Cir. June 27, 2016); Jacob v. United States, Case No. 15-73302, slip op. at 1 (9th Cir. June 27, 2016).

The Court next considers whether imposition of a stay would unfairly prejudice defendant. See Yong, 208 F.3d at 1121. Defendant asserts that, if his motion is successful, his "corrected guideline range . . . [will be] more than five years below the Career Offender range," and, further, that the Court should consider a variance below said range "based on post-conviction rehabilitation." (See Def.'s Mot. at 7:23-27.) The

---

[1] Defendant points out that, given its present eight-member composition, the Supreme Court could render a 4-4 decision, thereby failing to issue a precedential decision in Beckles. Any such possibility appears remote, however, given that Justice Kagan has recused herself from the matter. See Beckles, 2016 WL 1029080, at *1.

Court, however, finds defendant would not be prejudiced by a stay, as it does not appear that, at this time, he is able to overcome the obstacle presented by the one-year statute of limitations in § 2255.  In particular, where, as here, a defendant moves for collateral review based on a change in the law, he may do so within a year of the "date on which the right asserted was initially recognized by the Supreme Court" and only if that right is "made retroactively applicable to cases on collateral review."  See 28 U.S.C. § 2255(f)(3). In this instance, as the Ninth Circuit has observed, "[i]t is an open question . . . whether [U.S.S.G. § 4B1.2(a)'s] residual clause remains valid in light of Johnson," see United States v. Willis, 795 F.3d 986, 996 (9th Cir. 2015), and, as discussed above, the Supreme Court has yet to determine that unsettled issue.  Moreover, as the very existence of the right is unsettled, it is apparent that no such right has been found retroactively applicable to cases on collateral review.

Accordingly, the government's motions to stay are hereby GRANTED.

In light of said ruling, the Court hereby sets the following briefing schedule on defendant's § 2255 motions:

1. No later than 30 days after issuance of the Supreme Court's decision in Beckles, the government shall file its oppositions or other response to defendant's § 2255 motions.

2.  No later than 21 days after the government files its oppositions or responses, defendant shall file his replies.

**IT IS SO ORDERED.**

Dated:  July 28, 2016

MAXINE M. CHESNEY
United States District Judge